UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRISTIAN OATES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-CV-00165-RWS |
| | ) |
| RUTH ANN DICKERSON, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is petitioner Christian Oates's petition for writ of habeas corpus under 28 U.S.C. § 2241. After reviewing the record in this matter, the Court will deny and dismiss the petition.

### **Background**

Petitioner is a state pretrial detainee at the Cape Girardeau County Jail in Jackson, Missouri. He filed the instant petition under 28 U.S.C. § 2241 seeking review of his criminal action in Cape Girardeau County Court. *See State v. Oates,* No. 24CG-CR00958-01 (32nd Jud. Cir., Cape Girardeau County Court).

According to the publicly available records published on Missouri Case.Net, petitioner is charged with the following four counts: assault in the third degree, special victim; two counts of resisting/interfering with arrest, detention or stop; and assault in the fourth degree. Petitioner is currently represented by counsel, and the case is set for a bond reduction hearing on October 28, 2024. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

Petitioner seeks a writ of habeas corpus arguing that he was unlawfully incarcerated in violation of his due process and equal protection rights. He claims that he has been subjected to "false arrest, police misconduct, malicious and selective prosecution" and that his arrest lacked probable cause.

Petitioner was charged by criminal complaint on May 23, 2024. *See State v. Oates,* No. 24CG-CR00958 (32nd Jud. Cir., Cape Girardeau County Court). The warrant for petitioner's arrest was served on May 24, 2024, and an initial appearance was held on May 28, 2024. The state court declined to reduce the original $50,000 cash bond at his initial appearance. Petitioner requested the services of the Missouri Public Defender's Office at a hearing on June 3, 2024.

The probable cause statement attached to the complaint states as follows:

> On Wednesday, May 22nd, 2024, at approximately 2202 hours, I Officer [redacted], was dispatched to [redacted] for a report of an armed robbery. Prior to my arrival Communications advised that a subject had been shot at near the drive-thru ATM in the parking lot.
>
> Upon my arrival I observed a black male subject, identified as Christian Oates, who began to walk away from us as myself and other Officers on scene approached him. Oates was given commands to stop walking and to get on the ground but he did not comply. Oates then began running south away from us through parking lot of [redacted] into parking lot of [redacted]. Observing that Oates did not intend to stop running, I then attempted to placed [sic] him on the ground in the parking lot. While attempting this I received a scrape along my right forearm against the pavement. Oates then regained his balance and continued running south away from myself and other Officers. After Oates was placed in custody in the parking lot of [redacted] he struck Officer [redacted] in the chest with his head while Officer [redacted] was attempting to secure him in a patrol vehicle.
>
> Assisting Officers later advised me that they made contact with another victim in this incident, [redacted] in the parking lot of [redacted]. Officers informed me that [redacted] had been in his vehicle processing a transaction at the ATM when he observed Oates approaching the rear of his vehicle on foot. Officer states that Oates then began walking toward his front driver door. Officer explained

> that [redacted] believed that Oates intended to cause him harm, so he then brandished a handgun toward Oates. Officers advised that [redacted] informed them that Oates continued to approach him at which point [redacted] believed his life was in danger. Officers stated that [redacted] then discharged two rounds from his shotgun in Oates' direction.

*Id.*

As noted above, petitioner is currently represented by counsel. Case.Net indicates that the prosecutor turned over documents relative to the criminal action on August 7, 2024. Petitioner entered a plea of not guilty on August 12, 2024, and counsel for petitioner moved for bond reduction on September 23, 2024. Petitioner's motion for bond reduction is set for hearing on October 28, 2024.

In his § 2241, petitioner alleges that his arrest was unreasonable, and his pretrial detention and criminal proceedings are unjustified. He believes he is being held without probable cause and subject to malicious prosecution.[1] Petitioner seeks release from confinement.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of the petition under Rule 4, it plainly appears that petitioner is not entitled to relief.

---

[1] Claims relating to violations of civil rights must be brought in a separate civil action pursuant to 42 U.S.C. § 1983. Petitioner may not pursue such claims under 28 U.S.C. § 2241.

3

Petitioner asks this Court to enjoin, dismiss, and stop the state prosecution against him. The abstention doctrine set forth in *Younger v. Harris* precludes such relief. 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when an ongoing state judicial proceeding exists that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

Exceptions to *Younger* exist in special circumstances, such as where a "person about to be prosecuted in a state court can show that he will, if the proceedings in the state court is not enjoined, suffer irreparable damages." *Id.* at 41, 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Furthermore, the irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough. *Id.* at 45-46.

Petitioner does not assert in his § 2241 petition that he has been subjected to "great and immediate harm" because of the prosecution against him. Rather, it seems he will suffer only an injury "incidental to every criminal proceeding brought lawfully and in good faith." *Younger,* 401 U.S. at 49 (internal citation omitted). No special circumstances exist to justify the Court's intervening in petitioner's ongoing state court matter. In short, "the Court is not the Justice League. It cannot swoop in and address wrongs, real or perceived, wherever they appear." *Martin v. Coca Cola Consol., Inc.,* No. 1:20-CV-323-HAB, 2020 WL5548690, at *2 (N.D. Ind. Sept. 16, 2020). As such, the Court is constrained by the *Younger* doctrine from granting petitioner's requested relief.

To the extent petitioner can be understood to challenge his ongoing state prosecution, he cannot establish entitlement to relief because he has failed to show that he exhausted his state remedies with respect to any claim he can be understood to bring. Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a state writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner").

Generally, state remedies are not considered exhausted if an individual may effectively present his claims in state court by any currently available and adequate procedure. A prisoner can only avoid the exhaustion requirement if he can demonstrate the existence of special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, petitioner does not establish, and independent inquiry does not show, that he exhausted his state remedies before filing the instant petition regarding any claim he can be understood to bring. The state court can resolve petitioner's claims. As such, adequate state court remedies currently exist for petitioner, and he does not assert any special circumstances excusing his failure to exhaust these remedies.

**Conclusion**

To the extent petitioner challenges his ongoing state criminal proceedings, there are adequate state court remedies for his claims. Petitioner has not shown, nor does it appear, that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims. Therefore, to the extent petitioner can be understood to challenge his ongoing state prosecution, he cannot satisfy the exhaustion requirement with respect to any of the claims he can be understood to bring. Therefore, relief under § 2241 is unavailable to petitioner at this time.

To the extent petitioner wishes to pursue claims relating to his arrest or imprisonment, petitioner will need to file a separate action under 42 U.S.C. § 1983. The Court will instruct the Clerk to provide petitioner with a prisoner civil rights complaint form for doing so.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motions for leave to proceed in forma pauperis [ECF Nos. 2 and 5] are **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED** and **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that to the extent petitioner is seeking relief under 42 U.S.C. § 1983, those claims are **DENIED AND DISMISSED** in this action. Petitioner may bring a separate action if he wishes to seek relief for those claims.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner a prisoner civil rights complaint form and application to proceed in the district court without prepaying fees and costs.

Dated this 18th day of October, 2024.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE